LOCAL UNIONS NOS. 515, 519, 549 AND 667 OF the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Plaintiffs-Appellees,

v.

Jack C. ROBINSON, d/b/a Robinson Freight Lines, Defendant-Appellant.

No. 18886.

United States Court of Appeals Sixth Circuit.

Sept. 17, 1969.

Robert H. Cowan, Nashville, Tenn., (Thomas W. Thomson, Knoxville, Tenn., on the brief), for appellant.

John S. McLellan, Kingsport, Tenn., (D. Bruce Shine, Kingsport, Tenn., on the brief), for appellees.

Before O'SULLIVAN, PHILLIPS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Jack C. Robinson, d/b/a Robinson Freight Lines, appeals from a judgment in the United States District Court for the Eastern District of Tennessee, which awarded damages to Local Unions 515, 519, 549 and 667 of the International Brotherhood of Teamsters in their suit against Robinson brought under Section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185.

Appellant Robinson had signed two collective bargaining agreements which provided that he make stipulated payments to Health and Welfare and Pension Funds created under the agreements for the benefit of his employees. The agreements further provided that if he was delinquent in his payments and the union gave 72-hour notice to him of his delinquency, the union "shall have the right to take such action as may be necessary until such delinquent payments are made, and it is further agreed that in the event such action is taken, the employer shall be responsible to the employees for losses resulting therefrom."

On March 7, 1966, employees of Robinson went on strike, alleging that Robinson was delinquent in his payments. The strike continued until March 16. Robinson denied his delinquency. By agreement of both parties, the dispute was submitted to a grievance committee established under the bargaining agreements. This committee determined that Robinson was delinquent and therefore responsible to the employees for wages lost during the period of the strike. The unions brought suit in the District Court for specific performance of this decision. Robinson counterclaimed, alleging that the unions breached the "no-strike" clauses in their contracts and that this entitled him to damages. The Court held that the award of the grievance committee was binding upon it and further,

"[I]f the Court is mistaken in its view that it is bound by the decision of the arbitrators, it is still of the opinion that the strike was legal since the defendant was in arrears with his Health and Welfare or Pension payments at the time the strike took place."

■■ While the evidence as to whether Robinson was delinquent at the start and conclusion of the strike is indeed less than clear, it did create an issue of fact. The arbitrators sustained the unions' claims of such delinquency. The District Judge resolved the issue by finding that the charged delinquency did occur. It was a finding of fact which was not clearly erroneous. Obedient to Rule 52(a), Fed.R.Civ.P., we accept it. Defendant's counterclaim was, therefore, appropriately dismissed.

Judgment affirmed.